In re Mark Thomas VERTICH, fdba Mark Vertich Insurance Agency and Financial Services, Winner, SD, Soc. Sec. # 267–74-9372, Emp. I.D. # 46–6349980 and Elizabeth Jean Vertich, aka Jeanne Vertich, dba The Decor Store, fdba Jeanne's Interiors, Inc., Winner, SD, Soc. Sec. # 504–48–8528 Emp. I.D. # 46–0323316, Debtors.

BEN–DAK INVESTMENT CO., INC., Plaintiff,

v.

Mark Thomas VERTICH, fdba Mark Vertich Insurance Agency and Financial Services and Elizabeth Jean Vertich, aka Jeanne Vertich, dba The Decor Store, fdba Jeanne's Interiors, Inc., Defendants.

Bankruptcy Nos. 380–00001, 380–00002. Adversary No. 380–0001.

United States Bankruptcy Court, D. South Dakota.

Aug. 22, 1980.

John J. Simpson, Winner, S. D., for plaintiff.

Gordon Verne Goodsell, Wilson, Bottum, Olson, Goodsell & Nash, Rapid City, S. D., for defendants.

Thomas M. Maher, Pierre, S. D., Trustee in Bankruptcy.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Defendants, Mark Thomas and Elizabeth Jean Vertich, Debtors, filed Chapter 7 Bankruptcy and Plaintiff filed a Complaint Seeking Relief from the Automatic Stay. Debtors' attorney advised the Court that Debtors no longer claim any right, title, or interest to the property in question. The Trustee filed an Answer objecting to the relief sought by Plaintiff. The Court held a hearing and requested briefs from the parties.

Based on the briefs, the pleadings, and facts supplied to the Court at the hearing, this Bankruptcy Court holds that Plaintiff is entitled to relief from the Automatic Stay. The Court made this decision based on the following findings of fact and conclusions of law.

On September 24, 1976, Plaintiff sold Debtors real estate under a Contract for Deed for the price of $67,000.00. Before defaulting on the Contract for Deed in May of 1979, Debtors paid Plaintiff $16,985.63 in principal and $9,673.00 in interest.

Upon Debtors' failure to make payments as required by the Contract for Deed, Plaintiff commenced a foreclosure action in state court. Prior to filing bankruptcy, Debtors relinquished possession of the property to Plaintiff. Debtors filed bankruptcy and under 11 U.S.C. Section 362 the foreclosure action was stayed.

The Trustee did not assume or reject the Contract for Deed within sixty (60) days from the date Debtors filed their Chapter 7 Petition. However, the Trustee has apprised the Court that several appraisals placed the current value of the property between $90,000.00 and $110,000.00.

In the briefs submitted by the parties, both Trustee and Plaintiff agree that the Contract for Deed is an executory contract governed by the provisions of 11 U.S.C. Section 365(d)(1) as follows:

"In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected."

Trustee admits and agrees that by his failure to assume the Contract for Deed within the 60-day period, the Contract for Deed is rejected. However, the Trustee

objects to the Court granting relief to Plaintiff from the automatic stay on the grounds that the Trustee has an interest in the property of: (1) any redemption right granted to Debtors under South Dakota law; (2) a possible vendee's lien against the property under South Dakota law; and (3) an equitable interest in the property since the value of the property considerably exceeds the amount that was due under the Contract for Deed.

The issue presented to the Court is whether a creditor should be granted relief from the automatic stay and allowed to foreclose on the Contract for Deed when the Trustee rejected the contract but retained for the estate any interest in the property granted to debtors under equitable or state law as a result of the contract being terminated and the subsequent foreclosure.

The rationale behind a Trustee assuming an executory contract in a Chapter 7 case is that possibly the contract might be sold by the trustee for a profit. Here, the Trustee elected to reject the Contract for Deed. The rejection of the contract, however, did not waive any interest in the property debtors had under equitable or state law as a result of the contract being terminated and the subsequent foreclosure, the trustee succeeding to any such rights of the debtors.

This Court holds that Plaintiff is granted relief from the automatic stay and allowed to proceed to foreclose on the Contract for Deed. The Trustee should treat whatever interest the estate may have in the property as an asset of the estate and handle that asset through the normal course of his administration of the estate. The Trustee can adequately protect his interest by intervening in the state foreclosure action and asserting whatever legal rights the Trustee may have under equitable or state law. The Trustee can also protect the interest the estate may have in the property by intervening in the state foreclosure action and then selling the property in bankruptcy free and clear of liens by satisfying Plaintiff's lien on the property.

Plaintiff's counsel shall submit an order consistent with the foregoing. This Memorandum Decision will constitute Findings of Fact and Conclusions of Law.