**In re MODERN GLASS SPECIALISTS, INC., Debtor.**

**Bankruptcy No. 83–02996.**

United States Bankruptcy Court, E.D. Wisconsin.

July 26, 1984.

James R. Sommers, Hunter & Sommers, Waukesha, Wis., for Coolidge Glass Co., Inc.

Raymond Burczyk, Burczyk & Burczyk, Racine, Wis., for Debtor.

Jonathan Goodman, Milwaukee, Wis., for Creditors' Committee.

### DECISION AND ORDER

JAMES E. SHAPIRO, Bankruptcy Judge.

Before this Court is an objection filed by Coolidge Glass Company ("Coolidge"), the largest unsecured creditor, to a plan of reorganization submitted by Modern Glass Specialists, Inc. ("debtor").[1] The debtor is a company which has been engaged in the installation of glass since 1977. Edward and Mary Schmierer are its sole stockholders.

In support of its objection, Coolidge asserts as follows:

"1. The plan is not fair and equitable under section 1129(b)(2)(B) in that it does not provide the impaired class of unsecured creditors with an amount at or near that which the unsecured creditors would receive in the event of the liquidation of the debtor's estate; and

2. That section 1129 of the Bankruptcy Code does not allow the confirmation of a plan of reorganization where there is not an affirmative acceptance by at least one impaired class of creditors, there being only one impaired class of creditors herein."

---

**1.** There are ten unsecured creditors listed in Schedule A–3 of the debtor's schedules whose claims total $108,905.00. Of this total, Coolidge is the holder of a claim in the amount of $91,-784.64, or approximately 84 per cent of all unsecured claims in amount.

In its plan, the debtor has established the following five separate classes:

Class I — Costs and expenses of administration

Class II — Priority claims under § 507 of the Bankruptcy Code.

Class III — Claims of all unsecured creditors in the amount of $430.00 or less and claims of any Class IV unsecured creditor electing to be included in this class by reducing its claim to $430.00

Class IV — Claims of all unsecured creditors which exceed $430.00 and not electing to be included in Class III.[2]

Class V — Secured creditors.

Although there are five separate classes as set forth above, there are no actual creditors within Classes II and V, leaving only Classes I, III, and IV. The debtor acknowledges that the only impaired class is Class IV.

With respect to Class IV, three ballots were received. Of these ballots, Coolidge, with a claim of $91,784.64 and Ford Motor Company, with a claim of $9,867.00, voted to reject the plan. Only Feld-Schumacher, a holder of a claim for $4,301.64, voted to accept. Because more than half of the creditors and more than two-thirds of the claims in Class IV voted to reject, Class IV has therefore rejected debtor's plan. The only other ballot received is that of Dehli Builders, which has a claim of $619.42 and elected to be treated as a Class III creditor for $430.00 and voted to accept the plan.

The debtor opposes Coolidge's objection to the plan and seeks confirmation, notwithstanding the rejections by Coolidge and Ford Motor Company, by use of the "cram down" provision under § 1129(b) of the Bankruptcy Code. "Cram down" is an expression for confirmation of a plan over the dissent of a class of holders of claims or interest. 3 *Norton Bankr.L. & Prac.* § 66.24 (1981). It refers to the power of a bankruptcy court to force a creditor to accept less than or something different

from what that creditor was originally entitled to receive from the debtor.

Under certain given conditions, the cram down power can be invoked. These conditions are three-fold:

1. All requirements of § 1129(a) (except the requirement for acceptance by all impaired classes) must be met.

2. The plan must not discriminate unfairly.

3. The plan must be fair and equitable with respect to each class of claims or interest that are impaired and have not accepted the plan.

Section 1129(b)(2) sets forth certain requirements as to what must be included within the meaning of "fair and equitable" when applied to a dissenting, impaired class of unsecured claims. Unless either of the following requirements exists, the plan is not "fair and equitable". These requirements are as follows:

a. The plan must provide that the holder of each claim receives property equal to the full amount of its claim; or

b. No claim which is junior to the impaired class of unsecured claimants can either retain or receive any property.

Applying requirement (a) to the facts before this Court, the holders of Class IV claims are not receiving full value under the plan proposed, inasmuch as it provides for payment of approximately 68 per cent of the claims. Therefore, this requirement has not been met. With respect to the alternative requirement (b), Mr. and Mrs. Schmierer, the sole stockholders of the debtor corporation, will continue to participate in the proposed reorganized enterprise by holding their stock. This means that a junior class (the shareholders) will be receiving or retaining property under the plan. It has been held that the retention of an equity interest, even though it may be valueless, is nevertheless a retention of

---

2. The proposed plan provides for payment of $70,000.00 to Class IV claimants over a period of three years. It is estimated that claimants within this class will receive approximately 68 per cent of their claims.

property. *In re Landau Boat Co.*, 8 B.R. 436 (Bankr.W.D.Mo.1981). Accordingly, alternative requirement (b) has also not been fulfilled. Because neither requirement (a) nor (b) has been met, this Court cannot apply cram down. *See,* Klee, *All You Ever Wanted to Know About Cram Down Under the New Bankruptcy Code,* 53 Am. Bankr.J., 133, 146–147 (1979).

In view of these circumstances, it will not be necessary at this time for the Court to focus its attention on other potential impediments to confirmation of this plan by use of cram down—including whether or not the plan has been accepted by a class of claims within the meaning of § 1129(a)(10), if it is otherwise "fair and equitable" or if it "discriminates unfairly" against a dissenting class of impaired unsecured creditors.

Based upon the foregoing, IT IS ORDERED that the objection of Coolidge Glass Company to confirmation of the proposed plan of reorganization is granted, with leave to the debtor to file an amended plan on or before August 31, 1984.