**In re Donald MELLEN and Joann Mellen, Debtors.**

**Donald MELLEN and Joann Mellen, Plaintiffs,**

**v.**

**Dennis Patrick CURTIN and Phyllis B. Curtin, Individually and d/b/a Globe Electric, Inc., and Cossitt & Company, Defendants.**

**Bankruptcy Nos. 86 B 10055, 86 A 1456.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 3, 1987.

Anthony V. Ponzio, Weissberg & Associates, Chicago, Ill., for debtor.

Thomas R. Knight, Thomas W. Murphy, Johnson, Cusack & Bell, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter came before the Court on a complaint by Donald and Joann Mellen ("Debtors") against Dennis and Phyllis Curtin ("Purchasers").

The essential facts are not in dispute. On June 13, 1986, Phyllis Curtin, on behalf of Globe Electric, Inc., entered into a real estate contract to purchase certain non-residential real property commonly known as 110 Hayes, LaGrange, Illinois from the Debtors ("Contract"). The Contract provided for a closing date of July 30, 1986, conditioned in part upon Debtor's delivery of a title commitment at least one day prior to closing. The Contract also provided that if the Debtors failed to provide a title commitment the Contract would become null and void and all monies paid by the Purchasers would be refunded.

On June 30, 1986, the Debtors commenced this case by filing a petition for reorganization under Chapter 11 of the Bankruptcy Code. (11 U.S.C. § 101 *et seq.*). On July 28, 1986, the Debtors filed an application to sell the real estate at issue. On September 26, 1986, that motion was granted.

In the interim, on August 15, 1986, the Purchasers sent a letter to the Debtors demanding return of their earnest money deposited under the Contract. The Purchasers contended that the Debtors failed to perform their obligations under the terms of the Contract, since they did not close on July 30, 1986. On December 19, 1986, the Debtors filed this adversary complaint. In the complaint, the Debtors ask the Court to direct the Purchasers to specifically perform under the terms of the Contract. In the alternative, the Debtors seek to retain $5,000 representing the earnest money deposited under the Contract. The Debtors' theory is that under section 108(b)(2) they were entitled to an additional sixty days after the commencement of the Chapter 11 case in which to consummate the transaction. Purchasers respond that § 365, rather than § 108 governs any extension of time a debtor has in which to perform under an executory contract and that the Debtors have not satisfied the cure and adequate assurance requirements of that section. The Purchasers contend further that since the Debtors have not assumed the Contract as prescribed by § 365, they are relieved of their duties and are entitled to the return of their earnest money. Both parties agree that the Contract is an executory contract.

The parties argue that questions involving time frames in executory contracts are governed by either § 108(b) or § 365 exclusively. The Court holds, however, that in this case sections 108(b) and 365 are interrelated provisions that work together.

Both parties rely on *Moody v. Amoco Oil Co.*, 734 F.2d 1200 (7th Cir.1984) for their respective arguments. The Purchasers claim that the gravamen of the *Moody* court's holding is that in any analysis dealing with executory contracts, § 365, *exclusive* of § 108(b) is the controlling provision. The Debtors read *Moody* to mean that since the Court rejected the application of § 108(b) in that case, it is conceivable that a debtor could have substantially more than sixty days in which to perform under an executory contract.

This Court concludes that the parties' emphasis on *Moody* is misplaced. In *Moody,* the Seventh Circuit considered whether or not § 108(b) governed the time in which a debtor in possession had to cure defaults in payment under a jobbership contract which had already been terminated by the creditor. That Court concluded that the applicable section was § 365 rather than § 108(b). The case now before the Court does not involve curing defaults, however. The case at issue is one where the time of *performance* came due subsequent to the filing of the petition. Therefore, the holding in *Moody* is not dispositive to the issue of performance under the Contract.

The more appropriate analogy would be that of an option agreement. In *In re G–N Partners,* 48 B.R. 462 (D.Minn.1985), the Court granted the debtor an extension of time under § 108(b) in which to exercise an option agreement. In its holding the Court stated: "The fact that the right to perform under this option agreement is contractual rather than statutory should not insulate it from the statutory benefits of § 108(b)."

This Court holds that Congress intended to afford a debtor an extension of time pursuant to § 108(b) independent of § 365 in order to perform under an executory contract if there was a contract subject to performance at the time of the commencement of the case.[1] Under this analysis if the Debtors assumed the Contract they would have had until August 29, 1986 in which to perform the terms of the Contract. However, the Debtors provided the title commitment for the first time on June 30, 1987 not August 28, 1986 as required, assuming they had in fact elected to assume the Contract. Debtor's contention that it has longer than sixty days by virtue of § 365 is totally without merit. Nothing in § 365 gives a debtor the right to extend or vary the terms of an assumed executory contract. The Court has no authority under § 365 to vary the terms of a contract assumed under the provision of the law. A contract must be assumed in its entirety. *See Richmond Leasing v. Capital Bank, N.A.,* 762 F.2d 1303 (5th Cir.1985). A Court is not permitted to alter the terms of an executory contract unless and until the Congress permits. *Id.* Section 108(b) permits a variation by allowing performance beyond the date set forth in the Contract. Therefore, under the facts of this case, the closing of the sale had to have occurred on August 29, 1986. The Debtors did not perform within the time permitted by law and the Contract. The Purchasers are therefore entitled to the return of their earnest money deposit.

NOW THEREFORE IT IS ORDERED that the $5,000.00 currently in possession of a Cossitt & Company escrow is to be forthwith delivered to the Purchasers and the contract held for naught.

---

**1.** As in *Moody*, there is no right to assume a contract which has expired by its own terms. Also there is no point in assuming a contract the performance of which is impossible. For example, if the Debtors filed their petition on August 1 instead of June 30, it would be anomalous for the Debtor to pursue a contract which had already expired. In fact, there would be no contract capable of performance to assume.