**In re Stonewall W. JACKSON, Minnie M. Jackson, Debtors.**

**Bankruptcy No. 2-89-02414.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 24, 1989.

Ruth Ann Hohl, Luper Wolinetz Sheriff & Neidenthal, Columbus, Ohio, for GE.

Robert M. Hoskinson, Columbus, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

ORDER ON OBJECTION TO CONFIRMATION AND MOTION TO STRIKE AMENDED OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an amended objection to confirmation of the Chapter 13 plan proposed by debtors Stonewall and Minnie Jackson. The objection, filed on behalf of General Electric Capital Auto Lease, Inc. ("GE"), was opposed by the debtors who also sought to strike portions of GE's pleading. The matter was heard by the Court.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

In their plan, as amended on June 20, 1989, the debtors propose to assume a lease with GE for a 1985 Toyota Corolla automobile. That assumption is to be accomplished by payments from the Chapter 13

trustee of amounts sufficient to pay arrearages and ongoing payments due under the agreement. The debtors also propose, as part of the assumption, to exercise a purchase option available in September 1989 and to finance that purchase by treating GE as a secured creditor from that time forward for the $4,020 purchase price provided in the agreement.

GE asserts that the assumption is improper because it does not effect a prompt cure of the lease arrearages or adequately assure future performance under the agreement as required by 11 U.S.C. § 365(b)(1). GE further states that the proposed exercise of the purchase option, in a manner which forces GE to finance the purchase, is inconsistent with the terms of the lease and is, therefore, inappropriate. According to GE, any such purchase must be by lump sum payment without authorization for a loan from GE to accomplish payment of that purchase over time.

The Court finds that 11 U.S.C. §§ 1322(b)(7) and 365(a) permit a Chapter 13 debtor to assume an unexpired lease. Subsection (b)(1) of § 365 requires, when there is a pre-existing default in the payments required under such lease, that any arrearage or other pecuniary loss be cured at the time of the assumption or that the debtors provide adequate assurance that such arrearage and other pecuniary loss will be promptly cured and future performance adequately assured. If the Court finds that a Chapter 13 plan complies with the requirements of Title 11 and is feasible, those findings subsume that adequate assurance has been provided for the cure and for the future performance. No specific proof is required if the amount of arrearage or other pecuniary loss to be cured is not unduly large and the payments are to be made on a pro rata basis during the initial months of the plan pursuant to 11 U.S.C. § 1322(b)(4). Although it is unclear if this is what is proposed by these debtors, amendment to accomplish that intention could be quickly provided.

A more difficult question, however, involves the exercise of the purchase option. The agreement between these parties lacks specificity with regard to how that option price must be paid. GE insists that only lump sum payment is contemplated, however, and the debtors did not challenge that assertion. Accordingly, the Court must find that the parties to the agreement never intended the purchase option to be financed by GE.

The assumption of an unexpired lease pursuant to 11 U.S.C. §§ 365 and 1322(b)(7) does not augment a debtor's rights under the contractual agreement other than to permit a debtor to cure defaults, ignore *ipso facto* clauses, and resume payments if the statutory tests are met. The bankruptcy filing also does not augment GE's rights under the agreement. *See In re Bon Ton Restaurant and Pastry Shop, Inc.*, 53 B.R. 789, 803–804 (Bankr.N. D.Ill.1985). Since no expansion of either party's rights is intended by the applicable statutes except as specified therein, exercise of this Court's equity powers pursuant to 11 U.S.C. § 105(a) to expand the debtor's rights would not be appropriate. Although assumption of the unexpired lease carries with it the right to determine whether or not to exercise the purchase option at the time such right arises, the debtors may not require GE to finance that purchase if such arrangement was not contemplated by the lease or other agreements between the parties.

Based upon the foregoing, GE's objection to confirmation is sustained. For reasons stated at the hearing and because a legible copy of the lease agreement has been provided to the Court, the debtors' motion to strike the amended objection is hereby overruled.

This matter will be rescheduled for hearing on the reserved issue of whether the agreement is a true lease or a lease intended for security. Such continued hearing is set for August 14, 1989 at 2:00 p.m. in Room 130, U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio.

IT IS SO ORDERED.