**In re Victor RAMIREZ–ARELLANO . and Tina V. Ramirez, Debtors.**

**Bankruptcy No. 88–03516–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

April 24, 1990.

Gerald Silverman, Miami, Fla., for GMAC.

Patricia Redmond, Miami, Fla., for debtors.

MEMORANDUM DECISION DENYING . MODIFICATION OF PLAN

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on before the court on February 6, 1990, on the debtors' *Motion to Modify Chapter 13 Plan to Provide for Exercise of Option to Purchase with GMAC Over Remaining Term of Plan.* An objection was filed by General Motors Acceptance Corporation (GMAC). The cause was heard, and the court is fully advised in the premises.

The debtors filed their petition under Chapter 13 of Title 11 on September 2, 1988. Their original Chapter 13 Plan was confirmed on November 30, 1988. Prior to this couple seeking the court's protection to adjust their debts, the debtor-husband entered into a forty-eight month lease agreement with GMAC on October 5, 1985. This lease was a true lease, with an option for the lessee to purchase for fair market value at the scheduled termination of the lease. The lease was handled outside the Chapter 13 Plan, and terminated by its own terms on October 5, 1989. All conditions of the option were met, and GMAC informed the lessee/debtor that the purchase price for the leased vehicle would be $10,500.00 plus sales tax. GMAC was unwilling to finance this amount. The debtor, unable to pay in a lump sum, and unable to obtain financing elsewhere, seeks to modify his plan to force GMAC to finance the purchase so that he can exercise his option.

Modification of a Chapter 13 Plan after confirmation is controlled by 11 U.S.C. § 1329(a). This section does not permit modification of a Chapter 13 Plan to provide for payments to a claim holder, where the confirmed plan made no provision for payments to such claim holder and where the debtor was making payments directly to the claim holder outside the provisions of the plan. *In re Bush*, 6 BCD 139 (Bkrtcy.M.D.Fla.1980). Here the debtor's payments to GMAC were at all time outside the plan, thus precluding a modification of the Plan that would provide for the debtor's payments to GMAC to purchase the vehicle.

The debtor attempts to make use of 11 U.S.C. §§ 1322(b)(2) & 1325(a)(5)(B) in order to justify a modification of his plan. Both of these sections refer to the rights of secured creditors, and deal with them in the context of drafting or confirming a plan. This court is unwilling to expand this language to "cramdown" the extension of a contract that GMAC never made. The lease agreement option clause reads in part:

OPTION TO PURCHASE. Provided you are not in default, you will have the option to purchase the vehicle at the scheduled termination of this lease (item 6 above) for its Fair Market Value if you advise Lessor no later than 30 days prior to the scheduled termination. "Fair Market Value" will be the average of the retail and wholesale values stated in a then current vehicle guidebook selected by Lessor. .... In addition, you will also be responsible for any fees and taxes in connection with the purchase of the vehicle.

An option may be viewed as a "contract to contract." As such the terms and conditions should be carefully composed. The court, through careful scrutiny, has been unable to find where GMAC promised to finance this option to purchase. The court believes that it is beyond its power to now force such a contract on an unwilling recipient. ACCORDINGLY,

The debtors' motion is DENIED.

DONE and ORDERED.