**In re Melvin Maurice LaVAIL, SS # 426–36–0906, and Betty Ray LaVail, SS # 585–30–8536, dba L & W Partnership and Tierra Real Subdivision, Debtors.**

**VINDICATOR GROUP, INC., Plaintiff,**

v.

**Melvin M. LaVAIL, Betty R. LaVail, Albuquerque West 8 Limited Partnership, Albuquerque West 13 Limited Partnership, and Albuquerque West 15 Limited Partnership, Defendants.**

**Bankruptcy No. 7–90–01693 M A.
Adv. No. 92–1022 M.**

United States Bankruptcy Court, D. New Mexico.

Sept. 8, 1992.

Donald D. Becker, Albuquerque, N.M., for plaintiff.

Robert M. Janes, Albuquerque, N.M., for defendants LaVail.

Gail Gottlieb, Albuquerque, N.M., for defendants partnerships.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on the motion of Melvin M. LaVail and Betty R. LaVail for dismissal and in the alternative, for summary judgment. Having considered the motion, the briefs, the applicable law, and otherwise being fully informed and advised, the Court finds the motion is not well taken and will be denied.

### FACTS

Defendant debtors filed a voluntary chapter 11 bankruptcy petition on June 1, 1990. The case was converted to a chapter 7 case on September 26, 1990. A chapter 7 trustee was appointed on September 26, 1990.

At the time of filing their petition, the debtors were limited partners in three limited partnerships, collectively referred to as "Albuquerque West Limited Partnerships," formed for the purpose of acquiring real estate for investment purposes.

On or about June 5, 1991, the trustee conducted a sale by auction of various property and interests of the debtors' es-

tate including debtors' interest in the Albuquerque West Limited Partnerships. The sales were made to the highest bidders "without warranties, guarantees, or representations." On June 10, 1991, the trustee filed a Trustee's Bill of Sale in favor "of a corporation to be formed" of the estate's interest in the Albuquerque West Limited Partnerships.

## DISCUSSION

Defendants rely on *In re Priestley*, 93 B.R. 253 (Bankr.D.N.M.1988) for the proposition that a limited partner's interest in a limited partnership is always an executory contract and thus must be assumed within sixty days of filing a chapter 7 proceeding or be deemed rejected. That reliance is misplaced. In *Priestley* this court held that the general partner's right to participate in the management of various limited partnerships and to receive compensation therefor was an executory contract right where substantial performance remained due from both the general partner and all limited partners. In *Priestley*, this court did not address the issue of whether the interest of an individual limited partner in a land development partnership was always an executory contract, as asserted by the defendant debtors. Additionally, this does not appear to be the type of contract which must be assumed within 60 days of the order for relief. 11 U.S.C. § 365(d)(1).

Assuming, however, that the limited partnership agreements were executory contracts that were not assumed by the chapter 7 trustee, the defendant debtors retained no interest in the limited partnership agreements. The purpose behind allowing the trustee to reject executory contracts is to relieve the estate from burdensome obligations while the debtor is trying to recover financially and to effect a breach of contract which will allow the injured party to file a claim. *In re Register*, 95 B.R. 73 (Bankr.M.D.Tenn.1989). It is not intended to deny the estate a valuable property interest. *In re Vertich*, 5 B.R. 684 (Bankr.D.S.D.1980). Further, even if the limited partnership interests were deemed executory contracts and rejected, there is still a bundle of economic rights which the holder of the limited partnership interests would retain under the provisions of the partnership agreements.

If the debtors' limited partnership interests were executory contracts, which we need not decide here, rejection of the limited partnership contracts by the estate could effect the nature of the property acquired by the purchaser from the trustee. The rejection does not, however, leave the defendants with any ownership interest in Albuquerque West Limited Partnerships. It is clear that the trustee did not abandon any interest in the partnerships sold by the trustee to the Vindicator Group or its predecessor. If the defendant debtors' argument were to be accepted by this court, it would create a claim against the estate by Albuquerque West Limited Partnerships for breach of the partnership agreement by the trustee while the entitlement to an offset, or any value to the estate of the interests were abandoned to the debtors. This result is inconsistent with the Bankruptcy Code.

Defendant debtors' also allege that the Vindicator Group was not the purchaser of any rights in the Albuquerque West Limited Partnerships sold by the chapter 7 trustee. Plaintiff's complaint, however, avers that the Vindicator Group was the "ultimate purchaser" of any interest in Albuquerque West Limited Partnership sold by the chapter 7 trustee. (Plaintiff's Amended Complaint ¶ 1). For purposes of defendant debtors' motion to dismiss, this Court must accept that averment as true. The same allegation in defendant debtors' motion for summary judgment presents issues of fact that cannot be decided on a motion for summary judgment.

For these reasons, the Court finds that the Defendants' motion for dismissal or in the alternative for summary judgment is not well taken. This memorandum opinion constitutes the Court's findings of fact and conclusions of law.