**In re Randy WESKE and Sue Weske, Debtors.**

**Bankruptcy No. 96–24591–JES.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 29, 1996.

William H. Green, Milwaukee, WI, for debtors.

William R. Rettko, Milwaukee, WI.

Louis R. Jones, Trustee, Milwaukee, WI.

## DECISION

JAMES E. SHAPIRO, Chief Judge.

Ford Motor Credit Company ("Ford") has filed a motion for relief from the automatic stay and has also objected to the debtors'

modified chapter 13 plan filed on July 25, 1996.

The issue, submitted upon stipulated facts and briefs, is whether a debtor's chapter 13 plan can provide for assumption of a lease and also provide that the purchase option price in such lease, if exercised, be paid over the life of the chapter 13 plan (instead of the date specified in the lease for exercising such option).

The debtors and Ford entered into a lease entitled "Wisconsin Consumer Net (Closed End) Lease Purchase Option" of a 1995 Ford Explorer. The lease provides for monthly payments of $429.80 commencing July 28, 1995 and continuing on the 28th day of each month through and ending June 28, 1997. The lease further states that the debtors shall have an option to purchase the vehicle at the end of the lease period for $21,140.60 in cash plus taxes, provided (1) debtors are not in default under the lease and (2) the option to purchase is exercised 30 days prior to the termination of the lease.

In their pending modified chapter 13 plan, the debtors propose to assume the lease and, if said purchase option is exercised, to pay the purchase price out over a period of time by monthly payments together with "district set add on interest beginning in September of 1997." Add on interest in the Eastern District of Wisconsin presently is 6.25%. The debtors' plan provides that the entire purchase option price shall be paid at the conclusion of the 60–month plan period, which is well beyond the lease termination date. The debtors estimate that this total price, with interest, will be approximately $27,500.

 The parties have stipulated that the lease is a true lease and not a disguised security agreement. What the debtors are proposing in their plan is a "cram down" over the objection of Ford with respect to the method in which the purchase option price is to be exercised, notwithstanding debtors' assertions to the contrary. "Cram down" re-

fers to the power of a bankruptcy court to force a creditor to accept less than or something different from what that creditor was originally entitled to receive from the debtor. *In re Modern Glass Specialists, Inc.*, 42 B.R. 139, 140 (Bankr.E.D.Wis.1984). A plan which alters the method and time of payment of the purchase option from what had been set forth in the lease and which is not consented to by the lessor is a form of cram down. The lease calls for payment of $21,140.60 in cash plus taxes at the end of the lease term on June 28, 1997. The debtors' amended plan has changed this provision so that the option price is to be exercised in a different manner: monthly payments commencing in September of 1997 and extending through to the end of the 60–month plan period together with 6.25% add-on interest.

 The debtors are proposing a lease modification. 11 U.S.C. § 1322(b) states that the rights of a secured claimant are subject to modification. 11 U.S.C. § 1325 recites the limitations to a debtor's power to modify the rights of a secured creditor. However, Ford is not the holder of a secured claim. It is a lessor. Sections 1322(b) and 1325 are, therefore, not applicable. What is involved is 11 U.S.C. § 1322(b)(7) [1], which deals with the assumption, rejection, or assignment of an executory contract or unexpired lease. The key words in § 1322(b)(7) are "subject to section 365 of this title." If a debtor assumes an executory contract or unexpired lease, such debtor must assume according to all of the terms of the executory contract or unexpired lease. *In re Rigg*, 198 B.R. 681, 685 (Bankr.N.D.Tex.1996). *Rigg* declares that there is nothing in § 365 which gives to a debtor the right to extend or vary the terms of an assumed executory contract. This same conclusion was reached in *In re Mellen*, 79 B.R. 385, 387 (Bankr.N.D.Ill. 1987), and *In re Paz*, 179 B.R. 743, 745 (Bankr.S.D.Ga.1995).

More pointedly, with respect to the amended plan as proposed by the debtors, there is

---

1. § 1322(b) states:
 (b) Subject to subsections (a) and (c) of this section, the plan may—
 (7) subject to section 365 of this title, provide for the assumption, rejection, or assign- ment of any executory contract or unexpired lease of the debtor not previously rejected under such section[.]

ample case authority holding that § 1322(b)(7) does not allow a chapter 13 debtor to finance the residual purchase price of a vehicle lease over the life of the chapter 13 plan; rather, the debtor is bound by the contract and must pay the residual purchase price in full in a lump sum. 5 *William L. Norton, Jr., Norton Bankruptcy Law & Practice 2d* § 121:10 (1994 & Supp.1996). *In re Ramirez–Arellano,* 113 B.R. 796, 797 (Bankr.S.D.Fla.1990), declares that it is beyond the power of a court to expand § 1325(b)(2) and § 1325(a)(5)(B) to require the lessor to finance the option purchase price when the lease terms require that such option price shall be exercised in cash. *See also In re Jackson,* 105 B.R. 418, 419 (Bankr. S.D.Ohio 1989), and *In re Blackburn,* 88 B.R. 273, 276 (Bankr.S.D.Cal.1988).

■ The debtors insist that they are merely seeking to exercise their rights "under a reasonable interpretation of the contract." The only reasonable interpretation of the contract is that which calls for payment in full at the end of the lease, unlike what the debtors have proposed in their plan. The debtors further contend that they be allowed to assume the purchase option because "it is the only equitable remedy." Ford does not disagree with debtors' ability to assume, but states that the option purchase must be exercised in accordance with the agreement of the parties. Attempts to vary the terms of such agreement based upon equity cannot override the clear language in the agreement and in § 1322(b)(7) of the Bankruptcy Code.

The Seventh Circuit has cautioned against overuse of arguments based upon equity. *Matter of Lapiana,* 909 F.2d 221, 224 (7th Cir.1990) ("We deprecate flaccid invocations of 'equity' in bankruptcy proceedings."); *Matter of Fesco Plastics Corp., Inc.,* 996 F.2d 152, 154 (7th Cir.1993) ("[W]hen a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code.").

Ford's objection to the debtors' pending modified chapter 13 plan is sustained.

Ford's companion motion for relief from the automatic stay is denied. Debtors shall have until December 30, 1996, to file a further modified chapter 13 plan in which they shall either assume or reject their lease with Ford.