**In re Geraldine W. PITTMAN, Debtor.**

**No. 02–3563–3F3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 17, 2003.

D.C. Higginbotham, Jacksonville, FL, for Debtor.

Jeffrey R. Becker, Jacksonville, FL, for GE.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court for a confirmation hearing on November 5, 2002. GE Capital Corporation ("GE") objected to

confirmation of Debtor's First Amended Chapter 13 plan. The Court elected to take the matter under advisement. Upon the evidence and the submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On April 2, 1999 Geraldine Pittman ("Debtor") and GE entered into a 36 month lease titled Florida Closed–End Motor Vehicle Lease Agreement with Guaranteed Fixed Price Purchase Option (the "lease") for the lease of a 1998 Ford Contour (the "vehicle"). (GE's Ex. 1.) GE is the vehicle's registered owner. The lease contained an option which allowed Debtor to purchase the vehicle for its residual value on the scheduled termination date, April 20, 2002. The lease purchase option clauses are contained in paragraphs 7 and 27 of the lease and read as follows:

7. *PURCHASE OPTION*

You can buy the vehicle from us or our designated intermediary "AS IS. WHERE IS." If you want to buy the Vehicle you will tell us at least 30 days in advance and will complete any required documents. At the end of the Lease Term, the purchase price will be the Residual Value. Before the end of the Lease Term, the purchase price will be the remaining Adjusted Lease Balance. In either case, you will also pay any other amounts due under the Lease at the time of purchase, or thereafter (See Paragraph 5) and any official fees and taxes related to the purchase.

27. ...Purchase Option at end of Lease Term. You have an option to purchase the Vehicle at the end of the lease term for $5,221.00 plus any applicable official fees and taxes.

On April 12, 2002 Debtor sent a letter to GE purporting to exercise her purchase option. Debtor did not send a payment for the purchase price of the vehicle. On April 18, 2002 Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan which was filed on May 3, 2002 assumed all executory contracts. On September 23, 2002 Debtor filed First Amended Chapter 13 Plan (the "Plan") which provided that Debtor would pay the $5,371.81 purchase price of the vehicle at $178.43 per month over the 36 months of the Plan at 12% interest. On that same day Debtor filed a secured claim in the amount of $5,371.81 on behalf of GE. GE objects to confirmation of the Plan, contending that allowing Debtor to finance the purchase price of the vehicle over the life of the Plan is inconsistent with the terms of the lease. GE argues that Debtor can only exercise the purchase option by paying for the vehicle in a lump sum.

## CONCLUSIONS OF LAW

The issue before the Court is whether a Chapter 13 debtor can finance the residual purchase price of a leased automobile over the life of a Chapter 13 plan.

Initially, Debtor argues that the exercise of the purchase option does not require a lump sum payment because the lease contains no specific language to that effect. Debtor contends that any ambiguity in the meaning of the lease must be construed against its drafter, GE. It is an axiom of contract interpretation law that an ambiguous contract be interpreted against its drafter. "Any ambiguity resulting from th[e] deliberate choice of language will be interpreted most strongly against the party who wrote it . . . ." *In re F.H. McGraw & Co.*, 473 F.2d 465, 467 (3d Cir.1973). "Insofar as contract language may be deemed ambiguous, Florida law dictates that any ambiguity will be inter-

preted against the party who selected the language..." *First Texas Sav. Ass'n v. Comprop Inv. Props. Ltd.*, 752 F.Supp. 1568, 1571 (M.D.Fla.1990), citing *Consol. Dev. & Eng'g Corp. v. Ortega Co.*, 117 Fla. 438, 158 So. 94 (1934). However, the Court finds that the absence of the term "lump sum" in the lease does not create an ambiguity. Paragraphs 7 and 27 clearly provide that the residual purchase price must be paid in full at the time of the exercise the purchase option.

■ Alternatively, Debtor argues that even if the lease requires her to make a lump sum payment in order to exercise the purchase option, 11 U.S.C. § 1322(b)(2) allows a Chapter 13 Plan to modify the rights of holders of secured claims, including a debt which results from a lessee's pre-petition exercise of a purchase option. However, Debtor's filing of a secured claim on behalf of GE does not unilaterally transform GE from a lessor into a secured claimant. Because GE is a lessor rather than a secured claimant, § 1322(b)(2) does not permit Debtor to modify GE's rights, including the right to receive a lump sum payment for the vehicle's purchase price upon Debtor's exercise of the purchase option. *See In re Weske*, 203 B.R. 694, 695 (Bankr.E.D.Wis.1996) (noting that §§ 1322(b)(2) and 1325 do not apply to lessor because it is not a secured claimant); *In re Ramirez–Arellano*, 113 B.R. 796, 797 (Bankr.S.D.Fla.1990) (finding that § 1322(b)(2) did not apply to option to purchase in lease agreement).

■ The issue before the Court is instead governed ·by § 1322(b)(7). Section 1322(b)(7) permits a Chapter 13 debtor to assume an un-expired lease, subject to the provisions of § 365. However, a debtor who assumes an unexpired lease pursuant to § 1322(b)(7) and subject to § 365 may not vary the terms thereof. *In re Rigg*, 198 B.R. 681, 685 (Bankr.N.D.Tex.1996).

*Cf. In re Jackson*, 105 B.R. 418, 419 (Bankr.S.D.Ohio 1989) (noting that assumption of un-expired lease pursuant to 11 U.S.C. §§ 365 and 1322(b)(7) does not augment debtor's rights under contract other than to permit debtor to cure defaults and ignore ipso facto clauses and sustaining objection to confirmation of plan which required lessor to finance purchase option over life of the plan); *Blackburn v. Sec. Pac. Credit Corp. (In re Blackburn)*, 88 B.R. 273, 276 (Bankr.S.D.Cal.1988) (denying confirmation of Chapter 13 plan by which debtors attempted to finance residual purchase price of leased vehicle upon lease's expiration because lease contained no such enabling provision). The Court holds that § 1322(b)(7) does not permit a Chapter 13 debtor to finance the residual purchase price of a leased vehicle over the life of a Chapter 13 plan.

■ Finally, Debtor argues that GE's objection to confirmation is at odds with the legal position it has taken in other pleadings filed in the case. Debtor points out that G.E. previously identified itself as a secured creditor in its Motion for Relief from Stay in order to obtain adequate protection payments and is therefore now precluded from asserting ownership of the vehicle for the purpose of demanding a lump sum payment. "Judicial estoppel is applied to the calculated assertion of divergent sworn positions ... and is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American National Bank v. Federal Deposit Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983) (internal citation omitted). The doctrine is an equitable one whose application is within a court's sound discretion. *In re Norris*, 228 B.R. 27, 33 (Bankr. M.D.Fla.1998) citing *In re Cassidy*, 892 F.2d 637, 642 (7th Cir.1990). The Court finds the application of judicial estoppel inappropriate in the instant case. G.E.'s

conduct did not involve an intentional contradiction in order to obtain an unfair advantage. It is clear that G.E. is not a secured creditor and the Court finds G.E.'s erroneous contention that it is a secured creditor to be a result of oversight rather than calculated scheming. Additionally, in light of the fact that Chapter 13 lessors are entitled to adequate protection payments, G.E.'s assertion did not confer any unfair advantage upon it.

## *CONCLUSION*

The Court finds that the lease unambiguously requires Debtor to make a lump sum payment in order to exercise the purchase option. The Court also finds that § 1322(b)(2) applies only to secured creditors and therefore does not permit a Chapter 13 debtor to modify the rights of a lessor. Furthermore, the Court finds that § 1322(b)(7) does not permit a Chapter 13 debtor to finance the residual purchase price of a leased vehicle over the life of the Chapter 13 plan. A debtor is bound by the terms of the contract she signs and may only exercise the purchase option consistent with the terms therein. Finally, the Court finds that G.E. is not judicially estopped from asserting that it is the owner of the vehicle for the purpose of obtaining a lump sum payment. The Court will sustain G.E.'s objection to confirmation of Debtor's Amended Chapter 13 Plan and will enter a separate order consistent with these Findings of Fact and Conclusions of Law.