**In re GENERAL OIL DISTRIBUTORS, INC. et al., Debtor.**

**Bankruptcy No. 882–80516–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Dec. 16, 1986.

See also, Bkrtcy., 51 B.R. 794.

Weisman, Celler, Spett & Modlin, New York City, for General Oil Distributors, Inc.

Hession, Halpern, Bekoff & Sawyer, Mineola, N.Y., for Koch Fuels, Inc.

---

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of Koch Fuels, Inc. (Koch) to file a late proof of claim. The motion is hereby denied.

### FACTS

1. This case was commenced on March 4, 1982 by the filing of an involuntary petition against the debtor by three creditors.

2. On March 9, 1982, unaware that the case had been converted to a reorganization under chapter 11, Koch sent to the court a petition to intervene as a petitioning creditor.

3. The debtor never listed Koch as a creditor nor did the debtor serve Koch with any notices. Koch had no actual notice of the time to file a claim, or of the time for confirmation.

4. Koch never filed a proof of claim.

5. The debtor's plan of reorganization was confirmed on November 19, 1984.

### DISCUSSION

Koch argues that the case, *Matter of Pizza of Hawaii Inc.,* allows it to file a late proof of claim. In *Matter of Pizza of Hawaii Inc.,* 761 F.2d 1374, 1381 (1985) the Ninth Circuit held that a creditor's documents filed in bankruptcy court constituted an informal proof of claim because they "state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." In this case, Koch's Petition to Intervene states the nature of its claim, and states an amount four times greater than the proof of claim it seeks to file now.

The critical difference between this case and *Pizza of Hawaii Inc.,* is the timing of the creditor's motion. In *Matter of Pizza of Hawaii Inc.,* the creditor moved to include his claim before confirmation. In this case, the debtor's reorganization plan was confirmed more than eighteen months before Koch's motion to include its claim.

Generally, 11 U.S.C. § 1141(d)(1)(A) provides that a creditor who fails to file a claim before confirmation loses his claim even if he has no knowledge of the bankruptcy. Four Circuit Courts have held this section unconstitutional. The cases hold that in a chapter 11 bankruptcy, a creditor who fails to file a timely proof of claim loses his claim only if he had actual notice of the confirmation hearing. *Broomwall Industries v. Data Design Logic Systems,* 786 F.2d 401 (Fed.Cir.1986); *Reliable Electric v. Olson Construction,* 726 F.2d 620 (10th Cir.1984); *In re Intaco Puerto Rico Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3d Cir.1967).

Since Koch had actual knowledge of the case it should have filed a claim. The debtor's failure to give Koch notice of the time for filing a claim and of confirmation excuses Koch's failure to file a claim. Thus, Koch's claim is not subject to the debtor's discharge.

SO ORDERED.