**In re Thomas E. and Linda M. SMURA, Debtors.**

**Bankruptcy No. 86–20828.**

United States Bankruptcy Court, W.D. New York.

April 11, 1988.

Andrew Cohen, Rochester, N.Y. for debtors.

George Reiber, trustee.

Martin Marietta Corp., c/o Welcher & Scheuer, Los Angeles, Cal., for creditor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The Debtors' Motion seeks amendment of their Chapter 13 petition to add an unsecured creditor. The issue is whether the amendment is so prejudicial as to warrant denial. The facts are as follows.

The Debtors filed jointly for Chapter 7 relief on February 28, 1985. On May 8, 1985, the Chapter 7 Trustee filed a "Report of No Assets" in the case, and on June 26,

1985, the Debtors were discharged. The case was closed on November 1, 1985.

On June 23, 1986, the Debtors again filed for bankruptcy protection, this time under Chapter 13. The filing appears to have been prompted by mortgage defaults which, as of the date of the petition, totalled $7,719.00. Also subject of the Chapter 13 filing was priority tax indebtedness of $1,920.00 and one unsecured debt totalling $2,353.00.

A confirmation hearing was held on August 20, 1986, and an Order Confirming the Debtors' Plan was signed on September 3, 1986. Under the terms of the Plan, all creditors were to be paid in full. To insure compliance, a Wage Order was signed on February 10, 1987, directing the employer of the Debtor, Thomas Smura, to remit $185.00 per month to the Chapter 13 Trustee.

On April 24, 1987, prompted by post-petition mortgage defaults, a Motion was filed to lift the bankruptcy stay, 11 U.S.C. § 362(a), protecting the Debtors' residence from foreclosure. The Motion was settled prior to the hearing date. Under the terms of the settling Order, the Debtors were directed to bring current the post-petition arrears and keep current future installments. The Debtors failed to do so, and the stay was lifted on July 9, 1987, permitting the mortgagee to foreclose.

On December 17, 1987, the Debtors brought this Motion to amend their Chapter 13 petition. The amendment seeks addition to the petition of an unsecured creditor, Martin Marietta Corporation ("Marietta"). Marietta's claim, amounting to $25,-760.00, arose out of several obligations incurred by the Debtor, Thomas Smura, while in the employ of Marietta during 1981 and 1982. Added to this case, the Marietta obligation will require modification of the Debtors' confirmed Plan.

Under this Court's recent decision, *In re Olmstead*, 82 B.R. 197 (Bkrtcy.W.D.N.Y. 1988), a liberal view was taken of the Debtor's right to amend petitions and schedules during the pendency of a case. *See also*

Rule of Bankr.Proc. 1009. The ability of a debtor to amend is limited only where bad faith or prejudice to creditors can be shown. *Matter of Doan*, 672 F.2d 831, 833 (11th Cir.1982). Here, the omission of the Marietta obligation from the Debtors' Chapter 7 and Chapter 13 petitions appears to have been inadvertent. Accordingly, the Court concludes that the amendment under review was not proposed in bad faith. Since addition of the Marietta obligation will require modification of the Debtors' confirmed Plan, however, the Court must also consider the extent to which the proposed amendment will prejudice extant creditors.

To date, Two Thousand One Hundred and Thirty–Nine Dollars ($2,139.00) has been received by the Chapter 13 Trustee for distribution to creditors. Of that amount, One Thousand Four Hundred and Five Dollars ($1,405.00) was applied to the Debtors' pre-petition mortgage arrears.[1] Seven Hundred Thirty–Four Dollars ($734.00) has been paid thus far to the priority tax claimant, who will ultimately be paid in full. Nothing has yet been paid to the general unsecured creditor. If the proposed amendment were allowed, and the Plan modified to accommodate the Marietta obligation, then Marietta's *pro rata* share of the distribution to unsecured creditors would be 91%. The extant creditor, to whom payment in full had been envisioned by the confirmed Plan, would receive only a 9% dividend. The Court must evaluate whether that change renders the proposed amendment prejudicial.

The post-confirmation modification of a Chapter 13 Plan is authorized and controlled by 11 U.S.C. § 1329. Under the statute, a confirmed Plan may be modified to reduce payments to creditors. 11 U.S.C. § 1329(a)(1). Any modification applied for must meet the confirmation predicates of section 1325(a). 11 U.S.C. § 1329(b)(1). Among the predicates to confirmation is the requirement that a Plan, or its modification, have been proposed in good faith. 11 U.S.C. § 1325(a)(3).

---

1. As discussed above, the mortgagee has foreclosed its interest in the Debtors' residence. Accordingly, payments are no longer being made by the Trustee to satisfy the pre-petition arrears.

This Court has ruled that "the good faith provision of § 1325(a)(3) requires a Court to examine the equities...." *In re Heywood*, 39 B.R. 910, 911 (Bkrtcy.W.D.N.Y. 1984). Thus, when the Debtors in *Heywood* filed in Chapter 13 several months after receiving a Chapter 7 discharge, the Court concluded that their Chapter 13 Plan was not proposed in good faith since its aim was to treat obligations which had survived the Chapter 7 discharge.

As in *Heywood*, the Debtors here seek to include in their Chapter 13 Plan an obligation which, under 11 U.S.C. § 523(a)(3)(A)[2], survived discharge in Chapter 7. The addition of the obligation will transform an erstwhile 100% repayment Plan into one under which the only unsecured creditor will be paid mere pennies on the dollar. On analogous facts, a bankruptcy court of this circuit concluded that,

> The total payments by [the Debtor] represent only about 25% of what he owes the City of New York for parking violations ($8,640), an amount which he would have to pay in full but for Chapter 13. At the same time, [the Debtor] proposes to get rid of another $8,000 in debts accumulated in the short period since he brushed off $14,000 in obligations [by obtaining an earlier Chapter 7 discharge]....
>
> [The Debtor's] Chapter 13 plan is not within the spirit or purposes of the Code. Its objective is not the repayment of [his] debts, but their avoidance. What he proposes, in effect, is a disguised Chapter 7 drafted so as to avoid the restriction and limitations that Congress has imposed on that remedy.

*In re Meltzer*, 11 B.R. 624, 628 (Bkrtcy.E. D.N.Y.1981).

Here, too, the Debtors seek to avoid meaningful repayment of a debt which survived discharge in Chapter 7, as well as an obligation which arose in the short time since. In the case of *In re Johnson*, 708 F.2d 865, 868 (2nd Cir.1983), the Court concluded that a "good faith determination requires a bankruptcy court to 'inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 Plan in an inequitable manner.'" *Quoting In re Goeb*, 675 F.2d 1386, 1390 (9th Cir.1982).

In this case, modification of the confirmed Plan to accomodate the Marietta obligation would be inequitable to the extant creditor and manipulative of the Code. The corollary of this determination is that the proposed amendment is sufficiently prejudicial to warrant denial of the Motion and it is so ordered.

---

**2.** The statute reads in pertinent part that,

(a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor has notice or actual knowledge of the case in time for such timely filing;

.    .    .    .    .

11 U.S.C. § 523(a)(3)(A).
It has not been alleged that Marietta "had notice or actual knowledge of the case" as would render the debt dischargeable.