**In re Richard SIMONIS and Nancy Simonis, Debtor(s).**

**Bankruptcy No. 83–03154.**

United States Bankruptcy Court, E.D. Wisconsin.

Oct. 12, 1988.

---

William A. Woodrow, Neenah, Wis., for debtors.

Lloyd J. Blaney, Madison, Wis., for creditors.

---

## DECISION

M. DEE McGARITY, Bankruptcy Judge.

The facts in this case are undisputed and are set forth in ample detail in the court file. To summarize, the debtors filed their Chapter 13 on September 22, 1983. The plan was confirmed on October 21, 1983, was completed and a discharge was issued on January 11, 1985. Creditors that filed claims were paid approximately 10% of their claims.

Believing that they were no longer liable to Wisconsin Higher Education Corporation (WHEC) because of an earlier bankruptcy, the debtors did not list it as a creditor. A later notice that a lawsuit in state court by WHEC against Richard Simonis had been dismissed by order dated April 28, 1984, confirmed this belief. There is no allegation of any improper conduct on the part of the debtors, and their omission of WHEC on their Chapter 13 schedules is undoubtedly excusable. However, the dismissal of the state court action had been a mistake.

When the mistake was discovered, WHEC asked the state court to vacate the dismissal so it could proceed against Richard Simonis. The debtors then asked to have the Chapter 13 reopened to add WHEC as a creditor if WHEC succeeded in having its dismissal set aside. 11 U.S.C. § 350(b).[1] They proposed to pay WHEC 10% of its claim as other creditors had been paid. The Chapter 13 trustee was concerned that any payment, if the case is reopened, be made by October 21, 1988, which is five years from the date of confirmation. 11 U.S.C. § 1322(c).

On September 1, 1988, Dane County Circuit Judge Robert B. Pekowsky denied WHEC's motion to reopen its state court action against Richard Simonis, thereby making any action by the bankruptcy court unnecessary. However, WHEC has asked Judge Pekowsky to reconsider its motion to reopen, and the debtors accordingly renewed their motion with respect to their Chapter 13. Regardless of the state court's decision, this court declines to reopen the Chapter 13.

Neither counsel's nor the court's research has disclosed a scenario even remotely similar to this case. The Seventh Circuit Court of Appeals ruled in *In re Stark*, 717 F.2d 322 (7th Cir.1983), that a Chapter 7 case could be reopened to add a creditor if there were no fraud or intentional misconduct on the part of the debtors, and if the creditor would not be harmed in any way. There were no assets administered by the trustee in *Stark*, and the original notice had informed creditors that they should not file claims unless further notified by the court that assets had been found. The time for filing claims had not expired, even though the case was closed, thus putting the added creditor in the same position as other creditors. *See also 2 Collier on Bankruptcy* (15th ed. 1988), ¶ 350.03.

The bankruptcy court in this district has followed *Stark* and has found that the most important inquiries upon a motion by the debtor to reopen should be whether the creditor had an opportunity to file a timely proof of claim to share in any dividend and whether the creditor had an opportunity to object to the discharge. *In re Beshensky*, 68 B.R. 452 (Bankr.E.D.Wis.1987). An objection to the discharge under 11 U.S.C. § 523(a)(2), (4) or (6) was not a factor in *Beshensky* and is not a factor in this case. However, WHEC did not have an opportunity to share in the dividend along with other creditors in the Simonis' Chapter 13. Causing it to receive the same percentage of its claim as the other creditors would not completely cure this detriment. Since this is a Chapter 13 case, the creditor also did not have the opportunity to object to the confirmation of the plan if it believed that the requirements of 11 U.S.C. § 1325(a) were not met. The good faith of the debtor is often subject to unusually close scrutiny in the formulation of a Chapter 13 plan

---

1. 11 U.S.C. § 350

      *     *     *     *     *     *

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

in cases where the debtor is attempting to discharge a significant portion of a student loan that might not have been dischargeable under 11 U.S.C. § 523(a)(8) in a Chapter 7. The creditor's inability to make this inquiry at the time of confirmation of the plan constitutes the loss of a significant right. It might have been possible for the debtors to propose treating WHEC as a separate class of creditor if they had realized Richard Simonis' liability. Finally, the creditor did not have the opportunity to ask the court to modify the plan under 11 U.S.C. § 1329(a) if the debtors' circumstances improved during the administration of the plan.

There is nothing to prevent the debtors from filing another Chapter 13 if Richard Simonis' liability to WHEC is reinstated. Under these circumstances, it would be inequitable to reopen the debtors' Chapter 13 case. Accordingly, the debtors' motion will be denied.