**In re Allen WEISSMAN, Debtor.**

**Bankruptcy No. 89 B 00727.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 24, 1991.

Martin Y. Joseph, Chicago, Ill., for debtor, Allen Weissman.

Irvin J. Wagner, Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for Barbara Weissman.

Craig Phelps, Chicago, Ill., Chapter 13 Trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the Debtor's motion to add a debt and allow a late claim to be filed by his former spouse, Barbara Weissman ("Ms. Weissman"). Ms. Weissman has objected to the relief sought by the Debtor. For the reasons set forth herein, the Court denies the motion to allow the late claim, although the Debtor's Chapter 13 statement will be amended to add the unscheduled debt owed Ms. Weissman.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## II. FACTS AND BACKGROUND

The Debtor filed his Chapter 13 petition on January 17, 1989. He is a self-employed attorney. Among his scheduled creditors he included an admitted, unsecured debt of $7,337.50 he owed to Ms. Weissman. Subsequently, he proposed a sixty month plan to pay Craig Phelps, the Chapter 13 Trustee (the "Trustee"), $1,000.00 per month for twenty-four months and $1,500.00 per month thereafter. Secured creditors were to be paid one hundred percent of the value of their security and unsecured creditors were to be paid ten percent of their allowed claims. The first date set for the meeting of creditors under 11 U.S.C. § 341(a) was scheduled for March 30, 1989. The claims bar date was set for June 28, 1989.

On February 14, 1989, the Debtor moved to modify the automatic stay imposed by 11 U.S.C. § 362(a) to allow continuation of the pending action for dissolution of his marriage to Ms. Weissman in the Circuit Court of Cook County, Illinois, so that a determination could be made of all the issues drawn in the dissolution proceedings, including support and allocation of the parties' liabilities. After notice to Ms. Weissman and hearing, that motion was allowed.

■ The Debtor's plan was confirmed on the recommendation of the Trustee on July 11, 1989, in the absence of any objections thereto. Subsequently, on August 22, 1989, the Debtor moved to amend the confirmed plan to allow payment for past due unallocated family support as a priority claim in the amount of $7,087.50, payable at $500.00 per month. The genesis of this motion was a circuit court order against the Debtor by which he was to "direct the Bankruptcy Trustee" to so pay Ms. Weissman. That motion was denied by Order dated September 19, 1989, as no priority exists under the Bankruptcy Code for non-dischargeable support claims. Additionally, neither the Debtor, the Trustee, nor the circuit court have any power or authority under the Bankruptcy Code to create a new priority or alter existing priorities of payments established thereunder.

On September 19, 1989, after the claims bar date, Ms. Weissman filed her claim in the scheduled amount of $7,337.50 and attached thereto a copy of a circuit court order dated August 3, 1989, which indicated that the debt was for arrearage for

child support and maintenance. Thereafter, the Trustee objected to Ms. Weissman's claim as filed late pursuant to Federal Rule of Bankruptcy Procedure 3002. The Court sustained the Trustee's objection on that basis by Order dated August 7, 1990.

The instant motion admits that the scheduled debt was for child support arrearage. In addition, on August 28, 1990, in the judgment of dissolution of marriage, the Debtor was also found to owe Ms. Weissman the additional sum of $14,450.50 pursuant to an oral loan agreement. The Debtor asserts that this unscheduled debt (the "unscheduled debt") was incurred pre-petition, but was unknown at the time of the Chapter 13 petition, and only later determined to be owed to Ms. Weissman. The Debtor seeks to bind the unscheduled debt under the terms of the confirmed plan and allow Ms. Weissman time to file her claim to be paid at ten percent along with the other unsecured pre-petition claims.

Ms. Weissman responds that the unscheduled debt arises as a result of the circuit court order of August 28, 1990. Thus, she asserts that it is clearly a post-petition obligation, allowable only as an administrative claim, if allowable at all. Moreover, she asserts that allowance of the unscheduled debt would likely exceed the $100,000.00 limit on unsecured debt set for Chapter 13 cases; the Debtor's actions smack of bad faith; and the motion should be denied. The Debtor replies that the unscheduled debt was incurred pre-petition, but only determined post-petition in accordance with the Court's Order modifying the automatic stay to allow the circuit court to continue the dissolution proceedings and determine the additional debt. Same does not constitute bad faith and Ms. Weissman should be limited to receive the same dividend as other pre-petition unsecured creditors.

A trial was held, at which time both the Debtor and Ms. Weissman testified. The Debtor was of the opinion that the scheduled support and maintenance arrearage was the only obligation owing and unpaid to Ms. Weissman at the time he filed for Chapter 13 relief. The circuit court later

made the determination concerning the unscheduled debt finding that it was incurred prior to the bankruptcy proceedings and the parties' separation. Ms. Weissman testified that she thought the scheduled claim would be paid by the Debtor, but she did not file a timely claim because she did not know that it was necessary to do so in order to be paid by the Trustee under the terms of the plan. At the time of the trial, the Trustee advised the Court that the Debtor was substantially in arrears under the confirmed plan, owing between $7,000.00 and $8,000.00, with the last payment of $2,000.00 made on December 10, 1990.

## III. DISCUSSION

Federal Rule of Bankruptcy Procedure 1009(a) allows debtors to amend their schedules and Chapter 13 statements, among other pleadings, as a matter of course at any time before the case is closed, on motion, notice and hearing. This permissive approach to allow amendments, has been construed to give courts no discretion to reject amendments unless a debtor has concealed property, acted in bad faith, or said amendment would prejudice the creditors. *In re Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986); *In re Doan,* 672 F.2d 831, 833 (11th Cir.1982); *In re Jelinek,* 97 B.R. 429, 431 (Bankr.N.D.Ill.1989); *In re Myatt,* 101 B.R. 197, 199 (Bankr.E.D. Cal.1989). *In re Olmstead,* 82 B.R. 197 (Bankr.W.D.N.Y.1988), cited by the Debtor, supports this view of Bankruptcy Rule 1009(a), but is otherwise inapposite to this case because it involved a disputed debtor's claim of exemptions not present here.

The ultimate relief sought by the Debtor is to modify the confirmed plan to add the unscheduled debt, and subject it to the ten percent limit on payment to allowed unsecured claims under the terms of the plan. The starting point for determining whether to allow the modification of a confirmed plan is 11 U.S.C. § 1329 which provides in relevant part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be

modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a).

Thus, the Debtor can request modification of the plan, but only for one of the specific purposes set forth in section 1329(a)(1), (2), or (3), and only if there has been a substantial change in the Debtor's circumstances that was not anticipated at the time of confirmation. *In re Baldwin*, 97 B.R. 965, 967 (Bankr.N.D.Ind.1989). The burden of proving the change in circumstances is on the movant. *In re Gronski*, 86 B.R. 428, 432 (Bankr.E.D.Pa.1988). Other than the exceptions provided in section 1329, the order of confirmation is *res judicata* and binds the Debtor as well as each creditor under section 1327. *In re Evans*, 30 B.R. 530, 531 (9th Cir. BAP 1983); *In re Fitak*, 92 B.R. 243, 249 (Bankr.S.D.Ohio 1988); *In re Moseley*, 74 B.R. 791, 799–800 (Bankr.C.D.Cal.1987).

No unanticipated change in circumstances affecting the implementation of the plan as confirmed has been shown. *See In re Grogg Farms, Inc.*, 91 B.R. 482 (Bankr.N.D.Ind.1988). The Court cannot determine from the evidence submitted whether the Debtor's current financial circumstances (which are totally undisclosed) could have been reasonably anticipated at the time of confirmation and what those circumstances are at this time. *See In re Fitak*, 92 B.R. at 250. The only scheduled claim of Ms. Weissman was the support and maintenance arrearage claim for $7,337.50 which may not be dischargeable under sections 523(a)(5) and 1328(a)(2). The fact that that claim was untimely filed and thus disallowed under Bankruptcy Rule 3002 for purposes of dividend distribution, merely means that Ms. Weissman will be compelled to wait until either the Debtor receives a discharge, the case is dismissed, or the stay is otherwise modified. Her late claim was properly disallowed as untimely under Bankruptcy Rule 3002(c) and *In re Chirillo*, 84 B.R. 120, 122 (Bankr.N.D.Ill.1988) (collecting cases). The Court has no discretion to extend the bar date beyond the limits of Bankruptcy Rule 9006(b)(3), and none of the exceptions contained in Bankruptcy Rule 3002(c) apply. *Id.* at 122.

Section 1329 permits modification as to classes of creditors, not as to individual creditors, with the exception of subparagraph (a)(3), not applicable here because no payments on the unscheduled debt have been made outside the plan to Ms. Weissman. *See In re Taylor*, 99 B.R. 902, 903 (Bankr.C.D.Ill.1989); *In re Jourdan*, 108 B.R. 1020, 1022 (Bankr.N.D.Iowa 1989); *In re Cotton*, 102 B.R. 891, 892 (Bankr.M.D. Ga.1989). The *Taylor* court aptly noted the a debtor cannot change the basic structure of a confirmed plan mid-way through completion. *Id.* at 905. Some courts have given a restrictive interpretation to section 1329, holding that reclassification of a claim is not permitted after confirmation of a plan. *In re Abercrombie*, 39 B.R. 178, 179 (Bankr.N.D.Ga.1984). The section has been held not to permit a debtor to modify the rights of a claimant who is not provided for in the confirmed plan. *In re Ramirez–Arellano*, 113 B.R. 796, 797 (Bankr.S.D. Fla.1990).

In the instant case, even if the Debtor was not barred from modifying Ms. Weissman's unscheduled debt because it was not provided for in the confirmed plan, the proposed modification is improper because the Debtor is not proposing to modify the payments on the claims of a particular class provided for by the plan, but seeks to provide for payments on an unscheduled debt of one member of the unsecured class of creditors for whom no provision for payment outside the plan exists nor to whom any payments have been made. Similarly, it is too late for the Debtor to designate classes of claims different from the classifi-

cations defined by the confirmed plan. 5 *Collier on Bankruptcy,* ¶ 1329.01[2][a] at 1329–6 (15th ed. 1991).

The Debtor fares no better in his attempt to effectively add the unscheduled debt, which appears to be in the nature of dischargeable property settlement. The requirements of section 1329(a) have not been established. Moreover, no showing at trial was made that the requirements of section 1329(b)(1) which incorporate the provisions of sections 1322(a), 1322(b), 1323(c), and 1325(a) are all met at this time. No evidence was offered, for example, to show that the requirements of section 1325(a)(6) were present and that the Debtor will be able to make all payments under the plan and comply with same. To the contrary, the undisputed statements from counsel for the Trustee were that the Debtor has not made a payment since December 1990 and is in arrears under the plan between $7,000.00 and $8,000.00.

The end result is further mandated because Bankruptcy Rule 3004 only allows the filing of claims by the Debtor on behalf of a creditor who fails to file a timely proof of claim within thirty days after the expiration of the time for filing claims prescribed by Bankruptcy Rule 3002(c). The bar date expired on June 28, 1989, and the Debtor did not file a proof of claim on behalf of Ms. Weissman within the next thirty days by or before July 28, 1989. To allow all of the relief requested would not only be unfair to Ms. Weissman, but could potentially dilute dividends payable to the other unsecured creditors out of the estate, contrary to the arguments of the Debtor's counsel. The principal authority cited by the Debtor in support of the motion, contrarily, provides support for its denial. *In re Smura,* 84 B.R. 327 (Bankr.W.D.N.Y.1988) held that a Chapter 13 debtor's proposed postconfirmation amendment to add an inadvertently omitted unsecured creditor was so prejudicial to the treatment of extant creditors as to warrant denial. That court held in a serial Chapter 13 following a Chapter 7 case where the discharge received did not cover the omitted creditor pursuant to section 523(a)(3)(A), that it would be inequitable to the extant creditors in the subsequent Chapter 13 case to have their otherwise one hundred percent repayment under the confirmed plan to be paid mere pennies on the dollar through payments on the omitted claim. Such was concluded to be manipulative of the Code. *Smura,* 84 B.R. at 329. Similarly, it is now too late for the Debtor to add the unscheduled debt, file a claim on Ms. Weissman's behalf, and effectively subject it to the confirmed plan. A Chapter 13 debtor filing a protective claim under section 501(c) is subject to the time constraints of Bankruptcy Rules 3002(c) and 3004. *In re Kimber,* 84 B.R. 462, 463 (Bankr.W.D.Mich. 1988).

Ms. Weissman's contention that the unscheduled debt is a post-petition claim, however, is not substantiated by the evidence. Although the determination and liquidation of the claim by the circuit court occurred post-petition, pursuant to the stay modification ordered by this Court, all the underlying facts and transactions between the parties giving rise to the conclusion that Ms. Weissman loaned the Debtor the sum of $14,450.50 arose pre-petition. Her assertion that the motion smacks of bad faith need not be further considered in light of the Court's ruling based on section 1329 and Bankruptcy Rules 3002(c) and 3004. Similarly, the Debtor's contentions that Ms. Weissman's actions in circuit court to have the Debtor held in contempt were made in bad faith are irrelevant to the relief sought in the motion. The dismissal or conversion that Ms. Weissman requests is not appropriate at this time and is reserved for further ruling on motion by Ms. Weissman or the Trustee.

Ms. Weissman further asserts that the allowance of the claim for the unscheduled debt would exceed the debt eligibility limit for Chapter 13. This is not truly an issue dealing with the Court's subject matter jurisdiction (and thus its power to adjudicate the motion) as inferred by Ms. Weissman, but really a challenge to the Debtor's eligibility for Chapter 13 relief. *See In re Dobkin,* 12 B.R. 934, 936 (Bankr. N.D.Ill.1981). *Dobkin* involved a case

where the debtors failed to schedule four creditors whose claims existed and were known to the debtors pre-petition, and where three of them had been turned over to collection agencies or attorneys. Thus, *Dobkin* on its facts is distinguishable from this case where no new unscheduled creditor was concealed or omitted, but an additional claim was determined and liquidated post-confirmation, which neither the Debtor believed he owed nor Ms. Weissman filed any claim therefore.

Pursuant to 11 U.S.C. § 109(e), the debt limitations for Chapter 13 eligibility are noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,-000. The debt limitations under Chapter 13 are measured as of the date of the filing of the petition. *See In re Pearson*, 773 F.2d 751 (6th Cir.1985); *In re Albano*, 55 B.R. 363 (N.D.Ill.1985); *In re Hutchens*, 69 B.R. 806 (Bankr.E.D.Tenn.1987). No evidence was submitted to the Court to substantiate the allegation that the Debtor exceeded the $100,000 unsecured debt limit. To the contrary, the claims filed in the case aggregate approximately $85,646.24, which is well within the statutory debt limitations. Moreover, the Debtor's petition scheduled his liabilities at approximately $90,891.18, which included a tax claim which was partially secured, and was thus within the statutory limitation for noncontingent, liquidated, unsecured debts as of the date of filing.

## IV. CONCLUSION

For the foregoing reasons, the Debtor's motion for leave to file a late claim on behalf of Ms. Weissman is denied, although leave to amend the pleadings to add the unscheduled debt owed Ms. Weissman is allowed under Bankruptcy Rule 1009(a). That unscheduled debt, however, is not subject to the terms and conditions of the confirmed plan, and not subject therefore to any discharge which the Debtor may receive upon completion and consummation of the confirmed plan.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

See written Order.

## ORDER

For reasons set forth in a Memorandum Opinion dated the 24th day of April, 1991, the Court hereby denies the motion of the Debtor for leave to file a late claim on behalf of his former spouse, Barbara Weissman. The Court hereby allows the Debtor to amend the Chapter 13 statement pursuant to Federal Rule of Bankruptcy Procedure 1009(a) to add the unscheduled debt of $14,450.50 owed to Barbara Weissman.