**In re Ricardo and Diana RODRIGUEZ, Debtors.**

**Bankruptcy No. 94–21285–L2–13.**

United States Bankruptcy Court,
S.D. Texas,
Laredo Division.

Sept. 4, 1998.

Sam H. Hall, Argentina Cronfel–Meurer, for debtor.

***FINDINGS OF FACT AND CONCLUSIONS OF LAW***

WESLEY W. STEEN, Bankruptcy Judge.

*Summary*

The issue presented in this case is whether a chapter 13 debtor can modify the chapter

13 plan after confirmation to add a prepetition unsecured creditor who was inadvertently omitted when the case was filed.

The Court confirmed the chapter 13 plan in this case in February, 1995. Three years later, Debtors filed a motion to modify the plan to add a prepetition claim asserted by Dionisio and Carmen Solis ("Customers"). In response, Customers filed a motion for relief from the § 362 stay to allow them to proceed in state court with their lawsuit against Debtors and against Debtors' errors and omissions insurance carrier.[1] Debtors did not list Customers in the bankruptcy schedules in this case. Customers' claim was not provided for in the chapter 13 plan confirmed in 1995. There is no evidence that the Debtors' failure to include Customers in the bankruptcy schedules or plan was fraudulent or even intentional.

*Findings of Fact:*

### 1993

January, 1993   Customers purchased an automobile insurance policy from Debtors, both of whom are insurance agents.

June, 1993   Debtors informed Customer that their insurance company had gone out of business. Customers received a refund of unearned premium. Customers understood that Debtors had provided, or would provide, replacement insurance.

July, 1993   Customers' Automobile was involved in an accident. Customers informed Debtors about the accident to collect insurance proceeds. Customers testified that Debtors simply gave no response.

### 1994

June 8, 1994   Debtors filed this bankruptcy case under chapter 13 of the Bankruptcy Code. Customers were not listed in Debtors' schedules and Customers had no actual or constructive notice of the bankruptcy case prior to the deadline for filing proofs of claim or prior to confir-

mation of the chapter 13 plan. Customers have a disputed, unliquidated, prepetition claim against Debtors.

November, 1994   Proof of claim deadline.

### 1995

February, 1995   The Court confirmed the Debtors' chapter 13 plan.

July, 1995   Customers filed a lawsuit against Debtors in state court for damages related to Debtors' alleged failure to provide insurance.

September, 1995   Debtors filed a "Suggestion of Bankruptcy" in the state court suit. All proceedings in state court were abated.

### 1998

April, 1998   Debtors filed a Motion to Modify their chapter 13 plan to add Customers' claim.

May, 1998   Customers filed a motion for relief from stay to proceed with the state court suit.

Customers complain that they were denied the opportunity to participate in the confirmation hearing. They assert that, if they had been given the opportunity to participate, they would have objected to confirmation and would have proved that the plan should not have been confirmed because it did not meet the best interest of creditors, "i.e. liquidation", test.[2] Customers contend that Debtors did not disclose their "book of business" or "contract value." If this value had been considered, Customers contend that Debtors would have been required to pay 100% of unsecured claims.

Customers' witness, Mr. Sanchez, testified that the Debtors, as insurance agents, have an asset known as "contract value" which is determined by the amount of business, the longevity of the business, and other factors. Each agent receives a monthly calculation of that "contract value" and is paid commissions regularly based on that value. If the agent terminates his occupation, whether by death, resignation, or retirement, the agent is enti-

---

1. The E & O coverage may be illusory because the Creditors' motion implies that their out of pocket damages are approximately $3,000. The E & O deductible is $5,000. Nevertheless, there was no dispute about relief from the stay to pursue the E & O coverage, and therefore relief from the stay was granted on July 29, 1998.

2. Bankruptcy Code § 1325(a)(4).

tled to payment of that value. The value can be substantial.

The bankruptcy schedules filed by the Debtors did not include "contract value" as an asset. Listing such an asset might have had a material impact on calculation of "liquidation value" which is a significant factor in determining whether to confirm a chapter 13 plan. Stated differently, if Customers had received notice of the bankruptcy case, they might have objected successfully to confirmation of this chapter 13 plan for failure to meet the requirements of Bankruptcy Code § 1325(a)(4), which requires that the amount paid to unsecured creditors under the plan must equal at least the amount that those creditors would receive in a chapter 7 liquidation.

The Debtors' confirmed chapter 13 plan provides for payment of approximately $1,500 per month to the chapter 13 trustee for 60 months. The plan provides for a class of unsecured creditors, and lists the unsecured creditors by name. The plan does not list Customers as unsecured creditors and does not otherwise provide for Customers' claim. According to the trustee's summary, the plan payments allow for a 22% distribution to the named unsecured creditors.

The motion to modify the plan is not completely clear. It states that the Debtors inadvertently omitted Customers from their bankruptcy schedules. It proposes to increase the plan payments for the first 2 payments from $1450 to $1555 per month for total additional payments of $210.[3] The proposed amendment does not include any further explanation. Although not explicit, it is implicit that additional funds are to be paid to unsecured creditors. The chapter 13 trustee would be entitled to about 10%, or

$21, leaving about $189 for additional payments to unsecured creditors. Customers' claim is not liquidated and there is no provision or proposal for liquidation of the claim.

Customers were clearly deprived of an opportunity to file a proof of claim and they were deprived of an opportunity to object to plan confirmation. By not being able to file a proof of claim, Debtors were deprived of a 22% distribution on their claim. The consequence of not being able to object to plan confirmation is not known.

This motion to modify the chapter 13 plan is not an adversary proceeding to determine discharge of the debt. However, the Debtors' purpose in proposing the plan modification is to discharge the debt. The plan modification (if allowed) will directly impact discharge (or not) of Customers' debt and therefore that question will be addressed as part of the decision on whether to permit amendment of the plan.

*Conclusions of Law*

■ The extent of the discharge in bankruptcy differs, depending on which chapter of the Bankruptcy Code applies. The discharges differ both with regard to the *dates* of the debts discharged and as to the *kinds* of debts discharged.

With respect to effective dates, in chapter 7 the discharge extends to all claims that existed on the date of the order for relief (generally, the date that the bankruptcy case was filed).[4] In chapter 11, the discharge extends to all claims that arose prior to plan confirmation.[5] In chapter 13, the discharge extends to all debts provided for by the plan.[6]

There are several differences with respect to the *kinds* of debts discharged.[7] Of rele-

---

3. The math is a little inconsistent. The plan summary accompanying the confirmation order (docket entry # 26) provides for $1,450 to be paid for the first 2 payments, and $1,555 for the remaining 58 payments; the total is specified as $93,090. The first amended motion to modify the plan calls for 60 plan payments of $1,555, for a total of $93,300. The additional payment to the chapter 13 trustee is $210.

4. Bankruptcy Code § 727(b).

5. Bankruptcy Code § 1141(d)(1)(A).

6. Bankruptcy Code § 1328(a). In addition, the discharge does not extend to any claims that would be disallowed under Bankruptcy Code § 502.

7. For example, if a creditor timely objects to a chapter 7 discharge, it does not extend to debts arising as the result of publication of a false financial statement (§ 523(a)(2), § 727(b)). Not all such differences are treated here since they are not relevant to this discussion.

vance here, in chapter 7 and chapter 11 cases filed by individuals a debt is not discharged if the debt was not listed in the bankruptcy schedules and if the creditor did not have actual notice of the bankruptcy case in time to file a proof of claim.[8] However, if a chapter 13 debtor makes all payments called for under the plan, the debtor obtains a discharge under Bankruptcy Code § 1328(a), to which § 523(a)(3) does not apply.[9] Section 1328(a) states that the discharge applies to debts provided for in the plan and to debts that are disallowed under § 502. The only part of § 502 that would be applicable to this case would be disallowance of a claim that was not timely filed. However, since Debtors did not have notice or knowledge of this case prior to the proof of claim deadline, their claim cannot be disallowed for failure to file a timely proof of claim.[10]

Unless the plan is amended, therefore, Customers' disputed, unliquidated, unsecured claim will not be discharged in this bankruptcy case because it was not provided for in the original plan and because the claim cannot be disallowed under § 502.

The question, then, is whether the Debtors can amend the plan to "provide for" Customer's claim so that it can be discharged. Unfortunately, there is no clear guidance. The relevant portion of the statute, Bankruptcy Code § 1329(a), simply states that the debtor may modify the plan to increase or to reduce the amount of payments on claims of a particular class provided for by the plan.[11]

To the author of one principal treatise (*Norton Bankruptcy Law and Practice 2d*), it is clear that this means that a plan can be modified to add a prepetition creditor:

> "It is not uncommon in Chapter 13 cases for the debtor to omit one or more creditors from the original statements and schedules through inadvertence, oversight or other reasons. Chapter 13 debtors then amend the schedule of creditors to include the omitted creditor and move to modify the confirmed plan (if necessary) to provide for payment of the creditor through the plan. If the "added" creditor holds a claim of a class already provided for by the original plan, Code § 1329(a) allows modification of the plan to provide for the added creditor." [12]

*Norton* does not cite convincing authority for this proposition. The treatise merely states that because rule 1009 of the Federal Rules of Bankruptcy Procedure does not set a time limit for amending the bankruptcy schedules, one can amend the schedules and then modify the plan to include the new creditor. That logic is unsatisfying. It does not *necessarily* follow that a creditor's claim can be provided for in a chapter 13 plan merely because the creditor is listed in the schedules. As discussed more fully below, generally an unsecured creditor must file a

---

**8.** Bankruptcy Code § 523(a)(3), § 727(b), § 1141(d)(2).

**9.** *See* Bankruptcy Code § 523(a).

**10.** An excellent discussion of the inequity and unconstitutionality of discharging a claim without notice or knowledge can be found in *In re Texas Tamale*, 219 B.R. 732, 738 (Bkrtcy. S.D.Tex.1998). In that case, Judge Greendyke wrote: "*Reliable Electric Co. v. Olson Constr. Co.*, 726 F.2d 620 (10th Cir.1984) (discharge of claim without notice of confirmation hearing violates Fifth Amendment); *In re Unioil*, 948 F.2d 678 (10th Cir.1991) (bankruptcy court reversed for barring creditor's claim who had not received notice of bar date OR of the plan's confirmation hearing): *In re Leading Edge Products*, 120 B.R. 616 (Bankr.D.Mass.1990) (claim not barred when creditor did not receive notice of disclosure statement or confirmation hearing); *In re General Oil Distributors, Inc.*, 68 B.R. 603

(Bankr.E.D.N.Y.1986) (no notice of bar date or of confirmation hearing). Likewise, it is also easy to see how not informing a claimant of the bankruptcy proceedings in general would violate the fifth Amendment. In such a situation, the claimant would have no indication the bankruptcy is proceeding at all. It would be the height of inequity to impair that creditor's rights without giving an opportunity to participate in the reorganization process. *Broomall Industries, Inc. v. Data Design Logic Systems, Inc.*, 786 F.2d 401 (Fed.Cir.1986) (Fifth Amendment takes precedence over discharge provisions where claimant has no knowledge of pendency of proceedings); *In re Adams*, 734 F.2d 1094 (5th Cir.1984) (claim not barred when creditor received no notice of bankruptcy proceedings.)"

**11.** Two other grounds for modification are stated, but neither is applicable to this case.

**12.** Norton Bankruptcy Law and Practice 2d, § 124:2.

proof of claim to be provided for in the plan.[13]

The other principal treatise, *Collier on Bankruptcy,* does not address the issue directly. It states that a debtor may modify a plan to provide for postpetition claims.[14] It states that "Section 1329 does not authorize the debtor to designate classes of claims different from the classifications defined by the confirmed plan."[15] But it does not directly discuss modification of the plan to add prepetition unsecured creditors to the class of unsecured creditors already found in a confirmed plan.

There does not appear to be any jurisprudence directly on point. The majority of the existing cases suggests that a plan may not be amended to add a prepetition unsecured creditor, although the authority is not as clear as one might hope.

1. *In re Combs*[16] holds that the creditor will not be allowed to modify the plan to pay less than 100% of alimony and support obligations. There is some indication that the court was influenced by the fact that the debtor had failed to disclose the pending domestic relations case at the commencement of the bankruptcy case.

2. *In re Simonis*[17] holds that a case would not be reopened to allow the debtor to pay a prepetition creditor a 10% dividend that other unsecured creditors had received. However, in that case the debtor had finished making all payments called for by the plan. Bankruptcy Code Section 1329 is clear that a plan cannot be modified after all payments have been made.[18]

3. *In the Matter of Baldwin*[19] allowed a modification that substituted 3 unsecured creditors for 2 that were deleted. The court in that case focused on other issues.

It does not appear that any party seriously contested the propriety of adding unsecured creditors.

4. *In re Taylor*[20] held that the debtor could not modify a chapter 13 plan to create a new, special class to be paid 100% of their unsecured claims. The proposed new class would consist of creditors whose claims were guaranteed by nondebtors. The court concluded that § 1329 "permits modification as to classes of creditors, not as to individual creditors." However, that case is not as persuasive as it might otherwise be because:

  a. The proposed modification did not merely add an unsecured creditor, it actually reclassified these creditors from the unsecured class to the secured class so that they would be paid 100% even though they were unsecured but guaranteed;

  b. The modification created a new class, which § 1329 does not explicitly permit;

  c. The Court was influenced by the inequity of allowing the debtor to modify a plan to pay the unsecured creditor only after the creditor had obtained relief from the stay and was collecting the debt from the guarantor; and

  d. The court seemed to believe that a plan modification requires a change in circumstances. It based this conclusion on the legislative history behind the 1984 amendment that allowed the trustee and creditors to propose plan amendments. Previously, only the debtor had been allowed to propose an amendment. Notwithstanding the legislative history, the *statute* does not

---

**13.** The right to amend bankruptcy schedules does not determine the consequences of the amendment. Compare for example, the analysis of the (lack of) consequences of a late amendment of chapter 7 schedules to add a creditor. *In re Karamitsos,* 88 B.R. 122 (Bankr.S.D.Tx. 1988).

**14.** *Collier* ¶ 1329.02. 8 *Collier on Bankruptcy* (15th ed.1988) ¶ 1329.02.

**15.** *Collier* ¶ 1329.04[1]. 8 *Collier on Bankruptcy* (15th ed.1988) ¶ 1329.02.

**16.** 34 B.R. 597 (Bkrtcy.S.D.Ohio 1983).

**17.** 92 B.R. 807 (Bkrtcy.E.D.Wis.1988).

**18.** "At any time ... *before the completion of payments* ... the plan may be modified ..." § 1329(a).

**19.** 97 B.R. 965 (Bkrtcy.N.D.Ind.1989).

**20.** 99 B.R. 902 (Bkrtcy.C.D.Ill.1989).

articulate any requirement for a change in circumstances, and the legislative history would appear to apply only to proposed modifications by creditors and the trustee.[21]

5. *In re Weissman*[22] is the case most directly on point. Postpetition, after relief from the stay, a state court adjudicated the amount of two prepetition debts owed by Debtor (an attorney) to his former wife. One debt was in the nature of nondischargeable delinquent alimony and support and the other was due on an "oral loan agreement." The debt was not listed in Debtors' schedules. After plan confirmation, the Debtor moved to modify the plan to add his former spouse to the class of unsecured creditors who would be paid 10% of their claims. The case holds that prepetition creditors cannot be added postconfirmation. But it relies on *Baldwin* (supra) for the proposition that plan modification requires the showing of a change of circumstances. As noted, that provision is not explicit in the statute and does not appear to be in the legislative history applicable to modifications proposed by the debtor. But the court also stated: "Section 1329 permits modification as to classes of creditors, not as to individual creditors" (126 B.R. 889, 893).

6. *In re Judkins*[23] holds that a chapter 13 plan may provide for payment of a creditor who did not file a proof of claim. While it is true that the secured creditor in question did not file a proof of claim, in *Judkins* the original plan specifically named the creditor and provided for payment. In essence, the court held that mere disallowance of a claim because it is not timely filed does not mean that the claim cannot be paid if the plan so provides. The Court

noted that Bankruptcy Code § 1322(b)(10) provides that a chapter 13 plan may contain any provision not inconsistent with the Bankruptcy Code.[24] The Court also noted that Bankruptcy Code § 1326(a)(2) provides that the trustee shall distribute plan payments in accordance with the provisions of the plan. Finally, the court noted that chapter 13 does not contain the prohibition (found in chapter 7, § 726) that prohibits payment of late filed claims in chapter 7 cases.[25]

7. *In re Smura*[26] seems to adopt the analysis suggested by *Norton*. The court seems to assume that the bankruptcy schedules can be amended *at any time* if the amendment is not made in bad faith. The court also seems to assume that a chapter 13 plan can be modified to add creditors added by the amended schedules. But the court denied modification of the plan in this case because the court found that the debtor was acting in bad faith and because of the extreme prejudice that would result to existing creditors. They were originally to be paid 100% of their claims, but would be diluted to almost nothing by the proposed amendment.

In summary, the statute does not give a clear answer, there is no binding jurisprudence, there is no legislative history that gives any meaningful guidance, and the scant treatise material that is available does not cite convincing authority for its conclusion. With this lack of guidance, one is set adrift to divine the rule as best one can from logical and reasonable analysis of the statute.

First, since Bankruptcy Code § 1329(a) does not specifically allow the addition of a neglected creditor, and since there is some suggestion that the permissible grounds for

**21.** *See 8 Collier on Bankruptcy*, (15th ed.1988) ¶ 1329.03.

**22.** 126 B.R. 889 (Bkrtcy.N.D.Ill.1991).

**23.** 151 B.R. 553 (Bkrtcy.D.Colo.1993).

**24.** As discussed below, the Bankruptcy Code does *not* restrict chapter 13 plans to payment of *allowed* claims. Section 1328(b)(8) provides for payment of claims, not *allowed* claims. Therefore a plan provision would *not* appear to be

inconsistent with the Bankruptcy Code merely because it provided for payment of a claim that was not an allowed claim.

**25.** Unfortunately, the court relied on the fact that Bankruptcy Code § 502(b) does not provide for disallowance of claims filed tardy. The statute has been amended since this decision was rendered, and now provides for disallowance of tardy claims, with certain exceptions as noted below.

**26.** 84 B.R. 327 (Bkrtcy.W.D.N.Y.1988).

modification is an exclusive list, one could argue that the proposed modification is not permissible. But just as there is no explicit authority that allows the modification, neither is there any authority holding that the modification is not permissible. While the implication is not very strong, one might conclude that by allowing a modification to increase payments to a class, the statute at least implies that additional creditors might be added to the class.

■ Second, Bankruptcy Code § 1326(c) provides that the chapter 13 trustee "shall make payments to creditors under the plan." The statute does not limit payments to creditors who timely file proofs of claim and does not limit claims to "allowed" claims. Bankruptcy Code § 1328(b)(8) states that a chapter 13 plan may provide for payments of claims against the Debtor. It does not limit the payment to allowed claims. Although one would expect that only *allowed* claims would be paid unless the plan provided otherwise, there does not appear to be any statutory preclusion of a plan provision for the payment of a claim for which a proof of claim was not timely filed. At least one court has held that the plan may provide for payment of claims that were not timely filed.[27] Bankruptcy Code § 1329(b)(2) provides that if modification is permissible, "[t]he plan as modified becomes the plan ..." Therefore, if modification is permissible, the chapter 13 trustee would be required to pay the claim of the additional unsecured creditor (§ 1326(c)). The claim would then be "provided for" by the plan and discharged (§ 1328(a)) if all payments under the plan are made.

Third, if modification were not allowed, a debtor might dismiss the case and file a second case to include the unsecured creditor in the second plan discharging the debt. There would be no reason to require dismissal and a new bankruptcy filing to achieve the same result as might be achieved merely by plan modification.

■ Fourth, there are provisions in the statute to protect creditors. Plan modification requires that any party in interest may object on the grounds that the plan does not

meet the confirmation requirements of Bankruptcy Code § 1325. Therefore, the new creditor will have the opportunity to object that confirmation of the plan does not meet the best interest of creditors, or liquidation, test, or any other requirement for plan confirmation.

■ There might be circumstances in some cases in which modification to add a creditor would be highly prejudicial or unfair. In these circumstances, the court might exercise its inherent equitable powers or its Bankruptcy Code § 105 powers. The court might find that the plan modification was not proposed in good faith. In the case at bar, however, it does not appear that there would be any manifest injustice resulting from the plan modification. Therefore the Court will permit the modification if the Debtors satisfy the requirements of this order and if all § 1325 requirements for plan modification are satisfied.

However, on its face the existing plan modification does not meet the statutory criteria. If Debtors want the Court to consider modification of their plan, Debtors must timely accomplish the following:

1. Customers' claim must be liquidated. Therefore, not later than September 14, 1998, Debtors must amend the schedules to list Customers' claim and must file a motion for the Court to estimate the claim under Bankruptcy Code § 502(c).
2. Not later than September 14, 1998, Debtors must file an amended motion to modify the plan, which modification must include a proposed plan document and an analysis of the distribution of future payments to the trustee along with an analysis of total payments to each unsecured creditor.
3. The amended plan modification must be served on all parties in interest contemporaneously with filing.
4. With the plan modification, Debtors must serve notice that the Court will conduct a hearing on estimation of Customers' allowed claim against Debtors. The hearing will be conducted on October 6, 1998 at 2:00 p.m., at 904 Juarez, Laredo, Texas. The notice will further state that there will

**27.** *Weissman,* 126 B.R. 889.

be a hearing on the plan modification on November 18, 1998 at 10:00 a.m. at 904 Juarez, Laredo, Texas.

5. At plan confirmation, Debtors and Customers should anticipate that the Court will entertain Customers' objection to plan confirmation under Bankruptcy Code § 1325(a)(4) on any other subpart of § 1325. Since Customers did not have notice timely to object to the initial plan confirmation, the Court will not consider Customers to be precluded from litigating any other confirmation issue at the hearing on plan modification. If the Court determines that there is sufficient "contract value" to require the payment of all unsecured claims in full, the Court will not confirm the plan modification unless all unsecured claims are to be paid in full.